## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**JAMES RAY NORVELL**                                                                 **PETITIONER**

**v.**                                                     **CIVIL ACTION NO. 5:21-CV-P7-TBR**

**DE'EDRA HART**                                                                       **RESPONDENT**

### MEMORANDUM OPINION

Petitioner James Ray Norvell filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus (DN 1). The matter is currently before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the Court will dismiss this action as time-barred.

### I.

Because the petition now before the Court was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Petitioner indicates that he is challenging a conviction from the Carlisle Circuit Court of three counts of non-forcible incest in Case No. 12-CR-00008.  In the petition, he states that the date of his conviction was May 4, 2020, and that the date of his sentencing was June 21, 2020.  However, the documents Petitioner attaches to his petition indicate that he entered a guilty plea in his criminal case on May 3, 2012, and that he was sentenced on June 21, 2012.  *See, e.g.*, DN 1-2, p. 5, Kentucky Court of Appeals Order, *Norvell v. Hart*, 2019-CA-001779-MR (Ky. Ct. App. Jan. 29, 2020).  These attachments further show that he filed a "writ of habeas corpus" in Carlisle Circuit Court on July 24, 2019; that the Carlisle Circuit Court denied the writ on November 7, 2019; that the Kentucky Court of Appeals affirmed the circuit court's denial of the writ on January 29, 2020; and that the Kentucky Supreme Court denied discretionary review on September 16, 2020.

Based on the dates set forth in the attachments, Petitioner's conviction became final on July 23, 2012, at the expiration of the thirty-day period for filing an appeal.[1]  RCr 12.04.  This

---

[1] The thirtieth day actually ended on July 21, 2012.  Because that date was a Saturday, the 30-day period ended on the following Monday, July 23, 2012.  *See* Fed. R. Civ. P. 6(a) ("The last day of the period so computed shall be included, unless it is a Saturday, or Sunday, or a legal holiday ... in which event the period runs until the end of the next day which is not one of the aforementioned days").

means that Petitioner had until July 23, 2013, to file the instant § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(A), unless there was a time-tolling collateral attack pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Petitioner states that he did not file his state-court petition for a writ of habeas corpus until July 24, 2019, which was long after the applicable one-year statute of limitations expired. The AEDPA limitations period may be tolled for that period of time "during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). For these reasons, the petition is time-barred under the statute.

Section 2254's statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). In light of this jurisprudence, the Court entered a Memorandum and Order providing Petitioner the opportunity to show cause, within 30 days, why his petition should not be summarily dismissed as barred by the applicable

one-year statute of limitations. *See Day v. McDonough*, 547 U.S. 198 (2006). This Order warned Petitioner that if he failed to file a timely response, his petition would be dismissed for the reasons set forth herein. Petitioner did not file a response.

Thus, the Court concludes that the § 2254 petition must be denied and this action dismissed as untimely.

**II.**

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

### III.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: March 31, 2021

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:    Petitioner, *pro se*
       Respondent
       Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4413.011